

**SIGNED this 11 day of August, 2008.**

_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| In re<br>　　SILVER DOLLAR, LLC,<br>　　　　　　　　Debtor. | No. 06-50568<br>Chapter 7 |
| FIRST COMMUNITY BANK OF EAST TENNESSEE,<br>　　Plaintiff,<br>vs.<br>DAVID H. JONES, Chapter 7 Trustee,<br>　　Defendant. | Adv. Pro. No. 07-5042 |

## M E M O R A N D U M

APPEARANCES:

Rick J. Bearfield, Esq.　　　　　　　　Michael W. Ewell, Esq.
Bearfield & McClellan　　　　　　　　Frantz, McConnell & Seymour, LLP
Post Office Box 4210　　　　　　　　　Post Office Box 39
Johnson City, Tennessee 37602　　　　　Knoxville, Tennessee 37901
*Attorney for First Community Bank*　　*Attorney for David H. Jones, Chapter 7 Trustee*
　*of East Tennessee*

**Marcia Phillips Parsons, United States Bankruptcy Judge**. This adversary proceeding is before the court on a motion for summary judgment by the chapter 7 trustee, David H. Jones ("Trustee"), against First Community Bank of East Tennessee (the "Bank"). The court concludes that the financing statements filed by the Bank under the Debtor's assumed name, Silver Dollar Stores, LLC, are seriously misleading as defined by Tennessee Code Annotated § 47-9-506 because they would not be disclosed by an official search under the Debtor's correct name, Silver Dollar, LLC. Accordingly, the court will enter an order on summary judgment declaring that the Trustee's rights as a lien creditor under 11 U.S.C. § 544(a) in the collateral described in the financing statements are superior to the Bank's unperfected security interests. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A) and (K).

## I.

This is the second time that this adversary proceeding has been before the court on summary judgment. Previously, the Bank and the Trustee filed cross-motions for summary judgment that were denied by memorandum opinion and order entered April 4, 2008. In that ruling, which set forth the pertinent facts in this proceeding, this court concluded that the Bank's financing statements filed under the Debtor's assumed name, Silver Dollar Stores, LLC, even if though that name is registered, did not comply with Tennessee Code Annotated § 47-9-503(a)(1), which requires a financing statement to set forth a debtor's actual organizational name, i.e., Silver Dollar, LLC. This court further concluded that under Tennessee law, the Bank's failure to name the Debtor correctly rendered its financing statement seriously misleading as a matter of law unless "a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic . . . would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with § 47-9-503(a)." Tenn. Code Ann. § 47-9-506(b) and (c).

In connection with the previous ruling, evidence was submitted which suggested that a search of the records of the Tennessee Secretary of State under the Debtor's correct name, Silver Dollar LLC, would not disclose the financing statements filed by the Bank under the name Silver Dollar Stores, LLC. However, such evidence did not indicate that the search results were produced in accordance with the state of Tennessee's standard search logic as § 47-9-506(c) requires.

2

Moreover, the court took judicial notice of the fact that an online search under the Debtor's correct name does in fact reveal the Bank's financing statements with the incorrect debtor's name. Accordingly, the court determined that a genuine issue of material fact existed as to whether the Bank's incorrect listing of the Debtor's name rendered its financing statements seriously misleading.

Seeking to remedy the earlier evidentiary deficiency, the Trustee filed the present summary judgment motion on June 20, 2008, supported by the affidavit of Bob Grunow, who is employed by the state of Tennessee as Director of Business Services and Special Counsel to the Secretary of State. Mr. Grunow states in the affidavit that his job duties include responsibility over the Uniform Commercial Code Section and Business Services Division of the Tennessee Secretary of State's office. Attached to Mr. Grunow's affidavit as Exhibit A are the results of an official search on April 10, 2008, under the debtor's name Silver Dollar LLC performed by the Tennessee Secretary of State Division of Business Services applying the Office's standard search logic under Tenn. Comp. R & Regs. 1360-8-5-.04.[*] The financing statements filed by the Bank under the name Silver Dollar Stores, LLC on October 7, 2004, February 14, 2005, and February 23, 2006, were not disclosed by this search. Moreover, according to Mr. Grunow, "[s]earches performed over the internet through the Secretary of State's webpage are not official searches, and do not employ the standard search

---

[*] According to Mr. Grunow's affidavit:

> Whenever a search request is received by the Business Services Division of the Secretary of State's Office the search is performed in compliance with the standard search logic set forth under the rules applied to search requests, Tenn. Comp. R. & Regs. 1360-8-5-.04. A search response is then prepared in accord with Tenn. Comp. R. & Regs. 1360-8-5-.05. The report is generated by the "filing officer" (defined in Chapter 1360-8-1-.02(f) as the "Tennessee Secretary of State, Division of Business Services") . . . Affixed to the cover page are the search certificates and, if requested, copies of the records of each filing revealed by the search. This cover page . . . with the search certificates and, if requested, the copies are official records of the filing office which are intended to be self-authenticating as contemplated under Rule 1360-8-5-.05 and as allowed or contemplated under Tenn. Code Ann. § 47-9-523(d). There is no statement in the self-authenticating records stating that the search was conducted pursuant to the standard search logic. The regulation by which the Office is bound, namely Rule 1360-8-5-.04, provides the standard search logic: and that logic is used in producing the self-authenticating report of the request records.

3

logic of our Office."

Based on Mr. Grunow's affidavit and the results of the official search, the Trustee asserts that he is entitled to summary judgment on the issue of whether the Bank's financing statements were seriously misleading and therefore ineffective to perfect the Bank's security interests in the Debtor's personal property. In response, while not denying that the official search did not disclose its financing statements bearing the Debtor's assumed name, the Bank points out the search did reveal two financing statements filed by other creditors under both the Debtor's correct and assumed names. The Bank argues that under the terms of Tennessee Code Annotated § 47-9-506(c), as long as a search under the debtor's correct name discloses any financing statements bearing the name used in the Bank's financing statements, the name used by the Bank, "while incorrect, is merely a minor mistake and is not seriously misleading." According to the Bank, a proper reading of § 47-9-506(c) with the instant facts would thus be: "If a search of the records of the filing office under 'Silver Dollar, LLC,' . . . would disclose *a* financing statement bearing the name 'Silver Dollar Stores, LLC,' the name provided does not make the financing statement seriously misleading."

The financing statements to which the Bank refers were filed by Peoples Community Bank and Commerce Plaza GP, respectively on July 18, 2003, and June 15, 2006. Commerce Plaza's financing statement listed both the Debtor's legal name Silver Dollar, LLC and its assumed name Silver Dollar Stores, LLC. Because financing statements are indexed by the Tennessee Secretary of State under the name of a debtor as set forth in the financing statement, Commerce Plaza's financing statement was indexed under both names. As to Peoples Community Bank's financing statement, although it originally listed the Debtor under its assumed name, Peoples subsequently amended its financing statement on August 21, 2003, to add as an additional name the Debtor's legal name. The amendment resulted in Peoples' financing statement being indexed under both the Debtor's legal and assumed names. For these reasons, a search under the name Silver Dollar LLC disclosed the financing statements filed by Peoples and Commerce Plaza.

Unlike the financing statements filed by these creditors, the Bank's financing statements at issue in this case did not list the Debtor's legal name and, thus, were not revealed by the official search of the filing office's records. It is insufficient that the search disclosed other financing

4

statements listing the Debtor's assumed name; *the search did not disclose the Bank's financing statements. See In re John's Bean Farm of Homestead, Inc.*, 378 B.R. 385, 390 (Bankr. S.D. Fla. 2007) ("A financing statement is effective if a computer search run under the debtor's correct name produces the financing statement with the incorrect name. If it does not, then the financing statement is ineffective as a matter of law."); Official Comment to § 47-9-506 ("Subsection (c) provides an exception: If the financing statement nevertheless would be discovered in a search under the debtor's correct name, using the filing office's standard search logic, if any, then as a matter of law the incorrect name does not make the financing statement seriously misleading.").

The Bank's rephrasing of § 47-9-506(c) omits key language in the statute: "If a search of the records of the filing office under the debtor's correct name . . . would disclose a financing statement *that fails sufficiently to provide the name of the debtor* in accordance with § 47-9-503(a), the name provided does not make the financing statement seriously misleading." Tenn. Code Ann. § 47-9-506(c) (emphasis added). The financing statements filed by Peoples Community Bank and Commerce Plaza GP did not fail sufficiently to provide the name of the Debtor because, even though these statements listed the Debtor's assumed name, they also listed the Debtor's correct legal name. The Bank's did not.

Moreover, the Bank's argument inappropriately focuses on the article "a" preceding the first reference to a "financing statement" in § 47-9-506(c) without noting the article "the" that precedes the second reference to the words "financing statement" in the last clause of the statute. "If a search of the records of the filing office under the debtor's correct name . . . would disclose *a* financing statement that fails sufficiently to provide the name of the debtor in accordance with § 47-9-503(a), the name provided does not make *the* financing statement seriously misleading." Tenn. Code Ann. § 47-9-506(c) (emphasis added). Plainly, the statute contemplates that the financing statement at issue must be the one disclosed by the search. The fact that a search may disclose other financing statements that happen to list the same incorrect name, along with the correct name, is insufficient to render valid a financing statement bearing solely the incorrect name.

Based are the foregoing, the financing statements filed by the Bank under the name Silver Dollar Stores LLC on October 7, 2004, February 14, 2005, and February 23, 2006, were seriously

misleading as a matter of fact and therefore did not perfect the Bank's security interest in the Debtor's personal property. Accordingly, the Bank's interest is avoidable by the Trustee exercising the powers of a judicial lien creditor granted it by 11 U.S.C. § 544(a)(1). *See* Tenn. Code Ann. § 47-9-317(a)(2)(A) ("A security interest . . . is subordinate to the rights of . . . A person that becomes a lien creditor before . . . the security interest . . . is perfected [.]").

## II.

As noted in this court's April 4, 2008 memorandum opinion, in addition to the three financing statements referenced above, the Bank also filed two financing statements under the Debtor's correct name on June 21, 2006, during the preference period preceding the filing of an involuntary petition against the Debtor on July 10, 2006. The parties have stipulated that "the financing statements filed by or on behalf of the [Bank] during the preference period including but not limited to those filed on June 21, 2006, were preferential and are void and set aside as preferential transfers pursuant to 11 U.S.C. § 547(b) and 11 U.S.C. § 550 and the Court should so find and order based on this Stipulation."

Fed. R. Civ. P. 56, as incorporated by Fed. R. Bankr. P. 7056, mandates the entry of summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Because there is no longer a genuine issue of material fact in this case and having concluded that the Trustee is entitled to judgment as a matter of law, the court will enter an order in accordance with this memorandum granting the Trustee's summary judgment motion.

# # #